■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD VAN OSTRAND, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 13, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On December 28, 1987, as a result of an altercation that occurred in the prison yard at Elmira Correctional Facility in Chemung County, correction officers were ordered to frisk all the inmates in the yard including defendant, who had not taken part in the disturbance. When defendant was frisked, it was discovered that, concealed in his coat, he was carrying a metal shank approximately 8 to 10 inches long. Subsequently, defendant was indicted for the crime of promoting prison contraband in the first degree. The theory of the defense at the ensuing trial was that defendant had accidentally put on the wrong coat prior to the pat-down frisk and, therefore, the shank belonged to someone other than defendant. Nonetheless, defendant was found guilty and was sentenced to a prison term of 3 to 6 years. This appeal followed.

Initially, defendant asserts that a new trial is required

because County Court impermissibly allowed the People to elicit the fact of defendant's postarrest silence. Generally, the fact that a criminal defendant exercised his right to remain silent at the time of arrest may not be utilized against him at trial *(see, People v Conyers,* 49 NY2d 174, 178-179, *on rearg* 52 NY2d 454). Here, defendant related in his direct testimony that he discovered that the coat he was wearing was not his own only after he was returned to his cell following the pat-down frisk. Defendant stated that he then immediately informed a correction officer of this fact. On cross-examination, the prosecutor asked defendant about the chain of events leading to this discovery, and defendant stated that following discovery of the shank he was handcuffed and placed in a detention room with his head against a wall for about five minutes until he was taken to his cell. When asked by the prosecutor if the possibility that the jacket was not his had occurred to him while he was in the detention room, defendant answered affirmatively. However, the prosecutor's next question, asking defendant if he asked any correction officers at that time to check his jacket, was withdrawn following an objection by defense counsel.

In our view, to the extent there was error in allowing the prosecution to inquire into the lapse of time between defendant's detention and his alleged discovery concerning the coat he was wearing, such error was clearly so minor that there is no reasonable possibility that the error might have contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237). In fact, the one question most directly relating to defendant's silence was withdrawn by the People. Although County Court did not issue any curative instructions, we note that any discussion relating to defendant's immediate postarrest silence was extremely brief *(see, People v Blair,* 148 AD2d 767, 768, *lv denied* 74 NY2d 661) and the subject was never brought up in the People's summation.

The remaining objections by defendant to County Court's evidentiary rulings have been examined and have been found to be without merit. Certain photographs depicting the disturbance in the prison yard prior to the pat-down frisk of defendant were properly admitted as relevant to illustrate the reason for the need to frisk the inmates, as well as to corroborate other evidence such as the testimony of the correction officers *(see, People v Pobliner,* 32 NY2d 356, 369, *cert denied* 416 US 905; *People v Paige,* 120 AD2d 808, 810). It was undisputed at trial that defendant did not take part in that altercation. Despite defendant's arguments to the contrary,

these photographs were neither prejudicial nor highly inflammatory *(see, People v Mercado,* 120 AD2d 619, 620). Nor do we find reversible error in County Court's decision to allow rebuttal evidence by the People *(see,* CPL 260.30 [7]) or opinion evidence concerning the physical condition of defendant's coat when he turned it in to the facility.

Finally, we conclude that defendant was not prejudiced when an exhibit was inadvertently left out of the jury room during deliberation. The jury had full opportunity to hear testimony concerning this item and their understanding of this testimony, in our view, would not have been heightened by the physical presence of this particular exhibit in the jury room.

Judgment affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.