■ THE PEOPLE OF THE STATE NEW YORK, Respondent, v BURNEY A. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered April 19, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove that he possessed the weapon outside his place of business is not preserved for appellate review as he failed to specifically raise this issue in his motion for a trial order of dismissal *(see, People v Bynum,* 70 NY2d 858; *People v Lyons,* 154 AD2d 715). In any event, we find that the People met their burden of proof that the possession did not take place in the defendant's home or place of business *(see, People v Rodriguez,* 68 NY2d 674; Penal Law § 265.02 [4]), as he was in possession of the weapon while driving a vehicle *(see, People v Francis,* 45 AD2d 431, *affd* 38 NY2d 150; *People v Abbatiello,* 129 Misc 2d 831). The defendant's contention that the jury should have been given an expanded instruction on the issue of whether his vehicle constituted a place of business is unpreserved for appellate review *(see, People v Holzer,* 52 NY2d 947). In any event, the contention is without merit, since it was sufficient under the circumstances of this case for the court to instruct the jury that the People must prove that the possession was not in the defendant's home or place of business.

The court did not err in precluding the defense counsel from questioning the arresting officer about the defendant's statement that the weapon found on his person was registered in Florida. The Florida registration had no bearing on whether the defendant's possession of the weapon was lawful in New York. Contrary to the defendant's contention, the court's ruling did not deprive him of a crucial defense. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.