■ The People of the State of New York, Respondent, v Robert Christopher Nix, Appellant. [596 NYS2d 283] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's argument that the court erred in refusing to sever those counts of the indictment charging defendant with two separate armed robberies. Those offenses were joinable pursuant to CPL 200.20 (2) (b) because defendant's identity was at issue and his modus operandi was sufficiently unique to make proof of his commission of one robbery probative of his commission of the other. Thus, the court lacked the authority to sever them *(see, People v Bongarzone,* 69 NY2d 892, 895; *People v Coble,* 168 AD2d 981, *lv denied* 78 NY2d 954). Those offenses also were joinable pursuant to CPL 200.20 (2) (c) because they are defined by the same or similar statutory provisions, and defendant failed to show good cause to sever those counts *(see, People v Lebron,* 184 AD2d 784, 788). The People's proof with respect to each robbery was straightforward and easily segregated.

Defendant's argument that the court erred in refusing to suppress evidence seized from his car because the search was

not a valid inventory search is not preserved for our review. We have examined defendant's remaining argument on appeal and find it to be without merit. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Boehm, JJ. *[See,* — AD2d — (July 16, 1993).]