■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN V. MORGAN, Appellant. [625 NYS2d 673] —White, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 14, 1992, upon a verdict convicting defendant of three counts of the crime of robbery in the first degree.

Between November 30, 1990 and January 7, 1991, the City of Kingston area in Ulster County was plagued by a number of convenience store robberies perpetrated by a single individual wielding a knife. In the early morning hours of January 8, 1991, Police Detective Stephen Spetalieri observed and stopped defendant's vehicle at the toll booth of the Kingston-Rhinecliff Bridge. Defendant voluntarily accompanied Spetalieri to the police station where he was placed in an interview room. Spetalieri then viewed a video tape made by a hidden camera located in the convenience store that had been robbed on January 7, 1991. Thereafter, he placed defendant under arrest and advised him of his *Miranda* rights. Ultimately, defendant was convicted of three counts of robbery in the first degree and sentenced as a second felony offender to two consecutive and one concurrent indeterminate terms of incarceration of 12½ to 25 years. Defendant appeals.

When this case was previously before us (200 AD2d 856), we withheld determination of the appeal and remitted the matter to County Court for a hearing on the issue of whether defendant was present at a *Sandoval* hearing. Following a reconstruction hearing, County Court (Bruhn, J.) found that he was.

For the reasons that follow, we shall not disturb County Court's finding. Inasmuch as the *Sandoval* hearing was conducted in open court, we agree with County Court that the

presumption of regularity applies to this matter and that defendant did not overcome the presumption with his conclusory statement that he was not present at the hearing *(see, People v Robinson,* 191 AD2d 523, *lv denied* 81 NY2d 1018). Moreover, the record strongly suggests that defendant was present. Immediately at the conclusion of the *Sandoval* hearing, County Court directed that the jury be brought in and proceeded to give its preliminary instructions. Had defendant not been present, it can be reasonably inferred that County Court would not have proceeded in this fashion.

Defendant further argues that County Court erred in permitting the People to elicit Spetalieri's opinion that defendant was the robber depicted in the video. It is now accepted that a lay witness may give an opinion concerning the identity of a person depicted in a surveillance photograph if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury *(see, United States v Stormer,* 938 F2d 759, 761; *United States v Robinson,* 804 F2d 280, 282; *People v Russell,* 79 NY2d 1024, 1025).

Thus, in *United States v Towns* (913 F2d 434), where the robber disguised his appearance and changed it prior to trial, his girlfriend was permitted to testify that he was the robber in a bank surveillance photograph. Likewise, in *People v Russell (supra),* where the defendant deliberately changed his appearance to thwart identification, witnesses who knew him and saw him on or about the date of the crime were permitted to give their opinion that the defendant was the person depicted in a surveillance photograph *(see also, United States v Jackson,* 688 F2d 1121, *cert denied* 460 US 1043 [where a witness who met the defendant only once was allowed to testify despite the absence of evidence that the defendant changed his appearance]).

In this instance, Spetalieri encountered defendant less than five hours after the commission of the crime and remained with him for four or five hours during which time he had the opportunity to observe his facial features, physical characteristics, mannerisms and clothing. There was also evidence that defendant had changed his appearance prior to trial by discarding his glasses and shaving off his beard. In view of these circumstances, we conclude that County Court did not abuse its discretion in admitting Spetalieri's opinion into evidence *(see, United States v Robinson,* 46 F3d 1129).

We reject defendant's argument that he was prejudiced by

the admission of such evidence. The possibility that the jury might have given undue weight to Spetalieri's opinion was foreclosed by County Court's prompt instruction to the jury following Spetalieri's testimony that they were free to accept or reject the opinion. Additionally, defense counsel made a similar comment to the jury and County Court repeated its instruction in its charge *(see, People v Russell,* 165 AD2d 327, 336, *affd* 79 NY2d 1024, *supra).*

Next, defendant directs our attention to the testimony of Police Sergeant Thomas Scarey. In response to the prosecutor's question, "[W]hat did you do after you spoke with [defendant] in the interview room?", Scarey replied, "[D]etective Spetalieri advised him of his rights and at that time he asked for an attorney." We disagree with defendant that Scarey's unsolicited remark deprived him of a fair trial since there is no reasonable possibility that the fleeting reference to defendant's postarrest silence contributed to his conviction, particularly when the evidence arrayed against him is considered *(see, People v Van Ostrand,* 157 AD2d 875, 876, *lv denied* 75 NY2d 925).

Lastly, we do not find the sentence imposed by County Court to be excessive as it is within the guidelines for a class B violent felony committed by a second felony offender (Penal Law § 70.06 [3] [b], [4]) and defendant has failed to demonstrate that County Court abused its discretion or that extraordinary circumstances exist which would warrant the reduction of the sentence in the interest of justice *(see, People v Abrams,* 203 AD2d 723, *lv denied* 83 NY2d 963; *People v Simon,* 180 AD2d 866, *lv denied* 80 NY2d 838).

For these reasons, we affirm.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.