■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUDY MCLEAN, Appellant. [662 NYS2d 629] —Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 26, 1996, upon a verdict convicting defendant of the crimes of burglary in the second degree, arson in the third degree and reckless endangerment in the second degree (two counts).

A multicount indictment returned against defendant alleges that defendant, *inter alia*, intentionally set a fire in an apartment building located in the City of Schenectady, Schenectady County, on July 4, 1995 at which a firefighter was injured and, further, assaulted a former boyfriend by stabbing him with a knife. Following a jury trial, defendant was convicted of one count of arson in the third degree, two counts of reckless endangerment in the second degree and one count of burglary in the second degree. Defendant was sentenced to a term of imprisonment of 5 to 15 years on the arson charge, one year on the reckless endangerment charges and 2½ to 7½ years on the burglary charge; the arson and reckless endangerment sentences are concurrent with each other while the burglary sentence is consecutive to the arson sentence. Defendant appeals.

We affirm. Initially, we reject defendant's contention that the prosecutor's improper use of defendant's postarrest silence and request for counsel requires a reversal of her conviction. The record reveals that the prosecutor inquired, during his direct case and without objection, into defendant's decision to terminate her interview with police and also into her invocation of her right to counsel. Further, while cross-examining defendant the prosecutor asked her whether she had requested an attorney while being interviewed by an investigator, and defense counsel immediately objected. County Court sustained the objection and gave the jury a curative instruction. In our view, the prosecutor's actions in eliciting the fact of defendant's request for counsel and subsequent refusal to speak to the police was clearly improper (*see, People v Conyers*, 49 NY2d 174, 178-179, *on rearg* 52 NY2d 454); however, under the circumstances of this case we conclude that the error was harmless (*see, People v Stockwell*, 184 AD2d 800, 801, *lv denied* 80 NY2d 934).

County Court issued a prompt and emphatic curative instruction to the jurors that they could not infer anything from

defendant's actions in terminating the interview by invoking her right to an attorney (*see, e.g., People v Adorno [Jiminez]*, 216 AD2d 686, 687-688, *lv denied* 86 NY2d 839, 843; *People v Valenti*, 199 AD2d 617, 618, *lv denied* 83 NY2d 811; *People v Blair*, 148 AD2d 767, 768, *lv denied* 74 NY2d 661). Moreover, the subject was not mentioned by the prosecutor during either his opening or summation (*see, People v Morgan*, 214 AD2d 809, 811, *lv denied* 86 NY2d 783; *People v Van Ostrand*, 157 AD2d 875, 876, *lv denied* 75 NY2d 925). In light of the curative instruction and the strength of the evidence of defendant's guilt, there is no reasonable possibility that the error contributed to defendant's conviction (*see, People v Morgan, supra*, at 811; *see also, People v Sutherland*, 219 AD2d 523, 525, *lv denied* 87 NY2d 908; *compare, People v Spruill*, 125 AD2d 510).

We also find unpersuasive defendant's claim that she was denied effective assistance of counsel at trial based upon alleged conflicts of interest and other errors in judgment. It is well established that the right to effective assistance of counsel "encompasses the right to conflict-free counsel so that counsel's devotion to his [or her] client's interests will be ' "single-minded" ' " (*People v Carillo*, 218 AD2d 505, quoting *People v Ortiz*, 76 NY2d 652, 656, quoting *People v Darby*, 75 NY2d 449, 454). In order to successfully assert ineffective assistance of counsel based upon an alleged conflict of interest, a defendant must establish that " 'the conduct of his [or her] defense was *in fact affected* by the operation of the conflict of interest' " (*People v Jordan*, 83 NY2d 785, 787, quoting *People v Alicea*, 61 NY2d 23, 31 [emphasis in original]) by showing that the conflict had actually "operated" on the defense (*People v Recupero*, 73 NY2d 877, 879; *see, People v Ortiz, supra*, at 656).

Here, the record reveals that defense counsel had previously represented Kim Dorsey, who testified during the trial on behalf of the People. However, defense counsel's past relationship with Dorsey was disclosed to defendant prior to trial and defendant indicated on the record that defense counsel had discussed the matter with her and that she wanted him to continue representing her in this matter. Furthermore, in our view, defendant failed to show that her defense counsel's prior representation of Dorsey actually impacted upon, or bore a substantial relationship to, the conduct or presentation of her defense (*see, People v Ortiz, supra*, at 656). Defense counsel rigorously cross-examined Dorsey regarding prior inconsistent statements which she had given to the police after the fire, impeached Dorsey using her Grand Jury testimony and attempted to impeach her with her prior criminal record.

When determining whether a defendant has been denied effective assistance of counsel, the relevant inquiry is whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see, People v Fantroy*, 122 AD2d 291, 292). Mere disagreement over trial strategy or the use of an unsuccessful strategy is insufficient to establish ineffective assistance of counsel (*see, People v Barber*, 231 AD2d 835; *People v Nusbaum*, 222 AD2d 723, 725, *lv denied* 87 NY2d 1023; *People v Cutting*, 210 AD2d 791, 792, *lv denied* 85 NY2d 971; *People v Sharland*, 111 AD2d 479, 480). Here, defense counsel introduced an alternative theory as to the origin of the fire during his cross-examination of the fire investigators, i.e., that the fire was started by a cigarette left smoldering on the bed by the occupant of the apartment. Defense counsel also attempted to show that defendant did not have enough time to start the fire by tracing her movements throughout the evening in question. Notably, defendant was acquitted on two counts of assault in the second degree and found guilty of a lesser arson offense than charged in the indictment. In our view, a review of the record as a whole reveals that defendant received effective and meaningful representation.

We have considered defendant's remaining contentions, including the allegation that her defense counsel had a business relationship with a member of the District Attorney's staff at the time of trial, and find them lacking in merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.