*v Russi,* 219 AD2d 849). The record establishes that the Parole Board considered the appropriate factors (*see,* Executive Law § 259-i [2] [c]; *cf., Matter of King v New York State Div. of Parole,* 83 NY2d 788, 791), and there is no "showing of irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77; *see, Matter of Zane v Travis,* 231 AD2d 848, 848-849). (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—CPLR art 78.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON C. FIORI, Appellant. (Appeal No. 1.) [693 NYS2d 357] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant contends and the People candidly concede that a new trial is warranted because the police violated defendant's right to counsel by contacting defendant during trial and because the prosecutor used information obtained from that contact in cross-examining defendant and on summation (*see generally, People v Samuels,* 49 NY2d 218). The People likewise concede that a new trial is warranted based on prosecutorial misconduct, i.e., the prosecutor's suggestion during the cross-examination of defendant and on summation that defendant fabricated his testimony by tailoring it to the People's proof (*see, People v Paul,* 229 AD2d 932, 933). We additionally note that the prosecutor acted improperly on summation in denigrating the defense, vouching for the credibility of the People's witnesses and calling defendant a liar (*see, People v Paul, supra,* at 933; *People v Dunn,* 158 AD2d 941, 942, *lv denied* 76 NY2d 734). We reject the further contention of defendant that his right to counsel was violated by the People's introduction of the testimony of codefendant.

Consequently, we reverse the judgment and grant a new trial. In light of that disposition, we do not reach defendant's remaining contentions. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Robbery, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ COREY L. KERNER, Respondent, v ROBERT KERNER, Appellant. (Appeal No. 1.) [691 NYS2d 813] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Custody.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ COREY L. KERNER, Respondent, v ROBERT KERNER, Appellant. (Appeal No. 2.) [691 NYS2d 813] —Amended judgment