■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI LEWIS, Appellant. [719 NYS2d 433] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law §§ 20.00, 125.25 [3]) and four counts of robbery in the first degree (Penal Law §§ 20.00, 160.15 [1], [4]) in connection with a "home invasion" robbery. Defendant contends that County Court erred in failing to conduct a probable cause hearing based upon the allegations in that part of his omnibus motion seeking a *Huntley* hearing. We disagree. Defendant failed to seek a probable cause hearing in his omnibus motion (*see,* CPL 710.60 [1]) and, although the court thereafter afforded defendant the opportunity to provide factual allegations to support a request for a probable cause hearing, defendant failed to do so and therefore waived the issue (*see,* CPL 710.70 [3]). In any event, evidence adduced at the *Huntley* hearing established that the police had probable cause to arrest defendant (*see, People v Wise*, 46 NY2d 321, 329-330). The court's determination that defendant's statements were admissible is supported by the record and there is no reason to disturb it (*see, People v Castro*, 258 AD2d 901, 902, *lv denied* 93 NY2d 898).

We reject defendant's contention that the court erred in

permitting the officer who apprehended defendant to make an in-court identification after viewing a photograph of defendant approximately 10 days before trial. The viewing of the photograph by the police officer before trial "constituted trial preparation, not an identification procedure" (*People v Glover,* 266 AD2d 862, 863, *lv denied* 94 NY2d 862). Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19; *see also, People v Tillman,* 273 AD2d 913). In any event, that contention is without merit. Finally, because defendant was convicted in connection with the robbery of two victims, the court properly directed that the concurrent sentences imposed on counts two and three be consecutive to the concurrent sentences imposed on counts four and five (*see, People v Salcedo,* 92 NY2d 1019, 1021; *People v White,* 192 AD2d 736, 737, *lv denied* 81 NY2d 1082). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Lawton, JJ.