■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETE NICHOLAS, Also Known as PETE NICHOLS, Appellant. [731 NYS2d 99] —Judgment reversed on the law and new trial granted. Memorandum: Contrary to the contention of defendant, the verdict convicting him of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]) is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19), and in any event is without merit. We conclude that there is a "valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926).

Contrary to the further contention of defendant, Supreme Court properly denied his motion to suppress his statements to the police. The court properly determined that defendant's statements were preceded by the knowing, intelligent, and voluntary waiver by defendant of his *Miranda* rights (*see, People v Moreno,* 272 AD2d 898, *lv denied* 95 NY2d 869; *People v Daniels,* 265 AD2d 909, 910, *lv denied* 94 NY2d 878). The court also properly determined that the police had probable cause to arrest defendant (*see, People v Van De Mortel,* 158 AD2d 960; *see also, People v Bennett,* 70 NY2d 891, 893; *People v Lewis,* 278 AD2d 819, *lv denied* 96 NY2d 760).

We agree with defendant, however, that the court erred in denying his challenges for cause with respect to three prospective jurors. Following the denial of his challenge for cause to those prospective jurors, defendant exercised peremptory challenges to exclude them and, prior to the end of jury selection, he exhausted his peremptory challenges. Thus, the erroneous denial of the challenges for cause constitutes reversible error (*see,* CPL 270.20 [2]; *People v White,* 275 AD2d 913, 914).

During voir dire, defense counsel asked a panel of prospective jurors if they would have "a tendency to believe a police officer's account just because he or she is a police officer." The voir dire transcript then states that prospective jurors were "indicating," at which point defense counsel told those prospective jurors to raise their hands. The transcript again states that the prospective jurors were "indicating." Later, defense counsel asked of "those that raised their hands," whether they would "be leaning towards accepting [the testimony of] a police officer" over that of a non-police officer. The transcript states, "jurors nodding affirmatively." The record establishes that,

when the parties and the court convened to discuss the for-cause and peremptory challenges, they were aware of which prospective jurors had responded affirmatively to that line of questioning.

"[W]hen potential jurors reveal knowledge or opinions reflect-ing a state of mind likely to preclude impartial service, they must in some form give unequivocal assurance that they can set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614). Here, the rec-ord establishes that certain prospective jurors were biased in favor of police officers and the court failed to question those prospective jurors individually to ensure that they could be impartial (*see, People v Arnold*, 96 NY2d 358). We therefore re-verse the judgment and grant a new trial (*see, People v Johnson, supra,* at 616; *People v Blyden*, 55 NY2d 73, 78-79).

Although the error is harmless in the context of this trial, we note that the court erred in denying defendant's request for a charge concerning the evidence of flight (*see, People v Yazum*, 13 NY2d 302, 304, *rearg denied* 15 NY2d 679; 1 CJI[NY] 9.16). We also note that the People may not elicit testimony concern-ing defendant's right to remain silent and invocation of the right to counsel (*see, People v DeGeorge*, 73 NY2d 614, 618-619; *People v McLean*, 243 AD2d 756, *lv denied* 91 NY2d 928) and that where, as here, such testimony is elicited or volunteered, the court should give curative instructions (*see, People v Clark*, 281 AD2d 947; *People v McLean, supra,* at 756).

All concur except Hayes, J., who dissents and votes to affirm in the following Memorandum.

Hayes, J. (dissenting). I respectfully dissent and vote to affirm. The majority agrees with defendant that Supreme Court erred in denying his challenges for cause with respect to certain prospective jurors. At voir dire, defense counsel asked the panel of prospective jurors general questions concerning the weight they would give to the testimony of police officers. The record indicates that some prospective jurors were "indicating" or "nodding affirmatively" in response to that questioning, but the record does not indicate how many or which of the prospective jurors were reacting to that questioning. Defense counsel asked direct questions of one prospective juror in particular, and the court granted defense counsel's request to dismiss that pro-spective juror for cause. Defense counsel also sought to dismiss for cause five other identified prospective jurors on the grounds that they all indicated that they would have a tendency to give more weight to the testimony of a police officer. In my view, defense counsel failed to make an adequate record with respect

to the alleged bias of those prospective jurors to enable this Court to review defendant's present contention. In *People v Arnold* (96 NY2d 358, 363, 364), the Court held that a group answer by the panel of prospective jurors in response to questioning by the court was "insufficient to constitute an unequivocal declaration of impartiality," and that a prospective juror who has indicated that he or she is biased must make a "personal, unequivocal assurance of impartiality." Likewise, the group answer by the panel of prospective jurors in this case, particularly when the prospective jurors were not identified at that time, was insufficient to make a showing of bias by any one particular prospective juror. In my view, defense counsel is required to ask more than a few general questions to the panel of prospective jurors to establish that a particular prospective juror has indicated that he or she would be biased. To hold otherwise, as the majority does here, would require this Court to engage in unwarranted speculation whether a particular prospective juror should have been dismissed for cause. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.