■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BEERS, Appellant. [753 NYS2d 792] —Appeal from a judgment of Monroe County Court (Marks, J.), entered April 27, 2001, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of intentional murder in the second degree (Penal Law § 125.25 [1]) arising from the murder of his girlfriend, defendant contends that County Court improperly limited his cross-examination of a prosecution witness with whom defendant believed his wife had been having an affair. We reject that contention. Defendant sought to impeach the credibility of that

witness through use of the findings of fact and conclusions of law underlying the judgment of divorce entered upon the default of the witness. The witness was referred to therein as having been physically abusive to his wife and child. " 'The extent to which disparaging questions, not relevant to the issue, but bearing on the credibility of a witness, may be put on cross-examination is discretionary with the Trial Judge, whose rulings are not subject to review unless it clearly appears that the discretion has been abused' " (*People v Frazier*, 233 AD2d 896, 897). We perceive no such abuse of discretion here. Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct when the prosecutor elicited testimony from an investigating officer concerning the fact that his interview with defendant ended when defendant invoked his right to counsel. Defendant's contention is unpreserved for our review and, in any event, lacks merit. Although improper, the unsolicited reference to defendant's invocation of the right to counsel does not constitute a "pervasive pattern of misconduct so egregious as to deprive defendant of a fair trial" (*id.*; *see also People v Galloway*, 54 NY2d 396, 401; *People v Morgan*, 214 AD2d 809, 811, *lv denied* 86 NY2d 783). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.