■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. MORRICE, Appellant. [877 NYS2d 547]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 4, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the third degree (§ 155.35). Contrary to defendant's contention, County Court properly admitted in evidence an audiotape of a telephone conversation between defendant and the main prosecution witness despite the fact that the beginning of the audiotape was inaudible (see People v Rivera, 257 AD2d 172, 178 [1999], affd 94 NY2d 908 [2000]; People v Cleveland, 273 AD2d 787, 788 [2000], lv denied 95 NY2d 864 [2000]). In addition, we conclude that the prosecutor laid a proper foundation for the admission

of the audiotape in evidence (*see generally People v Ely*, 68 NY2d 520, 527-528 [1986]), and that he properly characterized the contents of the audiotape during his cross-examination of defense witnesses and on summation. Although we agree with defendant that certain statements by the prosecutor during the grand jury proceeding were improper, we conclude that the exceptional remedy of dismissal of the indictment is not warranted (*see generally People v Huston*, 88 NY2d 400, 409 [1996]).

We agree with defendant, however, that he was deprived of a fair trial based on prosecutorial misconduct during the trial. Although defendant failed to preserve for our review his contention with respect to certain alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]), we nevertheless exercise our power to review defendant's contention with respect to those instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). During the direct examination of the main prosecution witness, the prosecutor asked the witness if she was "getting anything in return for [her] cooperation of telling the truth," and she responded "[n]ot at all." In fact, that witness was an accomplice and had received transactional immunity in exchange for her testimony before the grand jury (*see* CPL 50.10 [1]; 190.40 [2]). The prosecutor had an obligation to correct the misstatement of that witness but failed to do so (*see People v Novoa*, 70 NY2d 490, 496-498 [1987]; *People v Hendricks*, 2 AD3d 1450, 1451 [2003], *lv denied* 2 NY3d 762 [2004]; *People v Potter*, 254 AD2d 831, 832 [1998]), and he compounded his misconduct in failing to correct the misstatement by telling the jury during summation that the witness was "getting nothing out of having testified in this case."

The prosecutor also engaged in misconduct when he questioned a police detective on direct examination with respect to defendant's invocation of the right to counsel (*see People v Nicholas*, 286 AD2d 861, 862 [2001], *affd* 98 NY2d 749 [2002]; *see also People v Beers*, 302 AD2d 898 [2003], *lv denied* 99 NY2d 652 [2003]). It is well settled that "the People may not elicit testimony concerning defendant's . . . invocation of the right to counsel" (*Nicholas*, 286 AD2d at 862). The prosecutor here, however, elicited such testimony not once, but twice, and also commented on defendant's invocation of the right to counsel during summation (*see generally People v Romero*, 54 AD3d 781 [2008], *lv denied* 11 NY3d 930 [2009]). In addition, the prosecutor engaged in misconduct when he questioned defendant on cross-examination concerning his discussion of the case with his attorney during a recess.

The prosecutor further engaged in misconduct when he asked

a defense witness on cross-examination whether she had ever been arrested for a crime. When the witness responded that she had never been convicted of a crime, the prosecutor asked, "Did you hear my question. Have you ever been arrested for a crime?" The witness responded in the affirmative, whereupon the prosecutor asked her what the crime was for which she was arrested. "Impeachment of a witness by evidence or inquiry as to prior arrests or charges is clearly improper. The mere fact that a person has been previously charged or accused has no probative value" (*People v Cook*, 37 NY2d 591, 596 [1975]). The prosecutor also engaged in misconduct when he questioned that witness concerning whether her boyfriend was currently incarcerated, and he exceeded the bounds of legitimate advocacy during summation by characterizing defendant as a liar (*see People v Fiori*, 262 AD2d 1081 [1999]; *People v Bonilla*, 170 AD2d 945 [1991], *lv denied* 77 NY2d 904 [1991]). Indeed, the prosecutor told the jury that defendant "just concocted a story now to try to deceive you" (*see Fiori*, 262 AD2d 1081 [1999]).

Although "[r]eversal is an ill-suited remedy for prosecutorial misconduct" (*People v Galloway*, 54 NY2d 396, 401 [1981]), it is nevertheless mandated when the conduct of the prosecutor "has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law. In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" (*People v Mott*, 94 AD2d 415, 419 [1983]). Upon our review of the prosecutor's misconduct in this case, we agree with defendant that reversal is required. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.