■ The People of the State of New York, Respondent, v Darien Laing, Appellant. [886 NYS2d 287]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 24, 2007. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence by failing to renew his motion for a trial order of dismissal after presenting evidence (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, defendant's contention lacks merit. The People presented legally sufficient evidence establishing that defendant possessed a loaded firearm while walking down an alley adjacent to a nightclub, thereby establishing that his possession of a loaded firearm did not occur in his "home or place of business" (Penal Law § 265.03 [3]; *see People v Rodriguez*, 68 NY2d 674 [1986], *revg for reasons stated in dissenting op* 113 AD2d 337, 343-348; *People v Williams*, 167 AD2d 565 [1990]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a " 'valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Danielson*, 9 NY3d 342, 349 [2007]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see id.*), we conclude that the verdict is not against the weight of the evidence (*see generally id.* at 348-349; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further reject the contention of defendant that Supreme

Court erred in denying his request to submit criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) as a lesser included offense of criminal possession of a weapon in the second degree (§ 265.03 [3]). Although defendant is correct that criminal possession of a weapon in the fourth degree is in fact a lesser included offense, i.e., it is impossible to possess a loaded firearm not in a person's home or place of business without concomitantly possessing a firearm (*see People v Menchetti*, 76 NY2d 473, 478 [1990]; *People v Perez*, 128 AD2d 410 [1987], *lv denied* 69 NY2d 1008 [1987]; *see generally People v Glover*, 57 NY2d 61, 63 [1982]), there is no reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater (*see People v Brandon*, 57 AD3d 1489 [2008], *lv denied* 12 NY3d 814 [2009]; *see generally Glover*, 57 NY2d at 63). The evidence established that defendant possessed a loaded firearm, not an unloaded firearm, and that the possession of the loaded firearm in the alley did not occur at defendant's home or place of business. Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.