■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT C. FUREY, Appellant. [909 NYS2d 852]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 14, 2009. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree, burglary in the second degree, menacing in the third degree, criminal mischief in the fourth degree and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, kidnapping in the second

degree (Penal Law § 135.20) and burglary in the second degree (§ 140.25 [2]), defendant contends that County Court erred in denying his challenges for cause to two prospective jurors. We reject that contention. When one of the prospective jurors was unable to state unequivocally that she could render an impartial verdict, the court conducted its own inquiry and elicited an unequivocal assurance of impartiality (*see People v Gladding*, 60 AD3d 1401 [2009], *lv denied* 12 NY3d 925 [2009]; *see generally People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Arnold*, 96 NY2d 358, 362 [2001]). With respect to the second prospective juror in question, the record establishes that her relationships with several of the police witnesses were not " 'likely to preclude' " her from rendering an impartial verdict, and thus it cannot be said that she was inherently biased (*People v Provenzano*, 50 NY2d 420, 424 [1980]; *see* CPL 270.20 [1] [c]; *People v Cassidy*, 16 AD3d 1079, 1080 [2005], *lv denied* 5 NY3d 760 [2005]).

Defendant failed to preserve for our review his further contention that the court erred in refusing to suppress evidence seized during the inventory search of his vehicle (*see People v Nix*, 192 AD2d 1116 [1993], *lv denied* 82 NY2d 757 [1993]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is not legally sufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant contends that he was denied a fair trial based on three instances of alleged prosecutorial misconduct. He failed to preserve for our review his contention with respect to two of the alleged instances (*see People v Beers*, 302 AD2d 898 [2003], *lv denied* 99 NY2d 652 [2003]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to the third alleged instance of prosecutorial misconduct, we agree with defendant that the prosecutor improperly elicited testimony that defendant invoked his right to counsel during his interview with the police. We nevertheless conclude that the error is harmless (*see People v McLean*, 243 AD2d 756, 756-757 [1997], *lv denied* 91 NY2d 928 [1998]). Present—Scudder, P.J., Martoche, Smith, Fahey and Green, JJ.