# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

443

KA 08-02471

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEVEN R. TAYLOR, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered May 8, 2008. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b], [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The People presented evidence establishing that defendant was observed firing a .22 caliber revolver in the direction of a pizzeria and that a .22 caliber bullet, which could have been shot from that revolver, was recovered from the pizzeria. In addition, the People established that there were no bullet holes in the mailbox of the pizzeria prior to the incident. Thus, contrary to defendant's contention, we conclude that the jury could have reasonably inferred that, "at some point before the defendant's apprehension by the police and the concomitant recovery of the weapon, he possessed a firearm loaded with operable ammunition" (*People v Bailey*, 19 AD3d 431, 432, *lv denied* 5 NY3d 785).

By failing to request that the court charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]) as a lesser

included offense of criminal possession of a weapon in the second degree, defendant failed to preserve for our review his further contention that the court erred in failing to give such a charge (*see People v Alvarez*, 51 AD3d 167, 180, *lv denied* 11 NY3d 785; *People v Ware*, 303 AD2d 173, *lv denied* 100 NY2d 543).  We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to request that the court charge the jury with that lesser included offense (*see generally People v Caban*, 5 NY3d 143, 152).  There is no reasonable view of the evidence that would allow the jury to conclude, without resorting to speculation, that defendant committed the lesser offense but not the greater (*see People v Laing*, 66 AD3d 1353, 1355, *lv denied* 13 NY3d 908; *see generally People v Butler*, 84 NY2d 627, 631-632, *rearg denied* 85 NY2d 858).

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court