■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASMA CREDLE, Appellant. [998 NYS2d 466]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered March 9, 2012, convicting her of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree (two counts), and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt, beyond a reasonable doubt, of the crimes of which she was convicted. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In response to evidence proffered by the People that the defendant relocated to a motel after the subject shooting, the defendant called as a witness an attorney whom she had retained after the shooting. To rebut the People's theory that the relocation indicated a consciousness of guilt, the defendant elicited testimony from that attorney that the defendant intended to surrender to the police, but that the police arrested her before she was able to do so. During summation, the prosecutor posed the rhetorical question: "[I]f you didn't do anything and you don't know that detectives are looking for you in respect to a shooting, why did you get an attorney?" The defendant cor-

rectly contends that this comment was improper, since the defendant's retention of an attorney was not probative of her consciousness of guilt (*cf. People v De George,* 73 NY2d 614, 618-619 [1989]; *People v Conyers,* 52 NY2d 454, 458-459 [1981]; *People v Morrice,* 61 AD3d 1390, 1391 [2009]; *People v Beers,* 302 AD2d 898, 899 [2003]; *People v Nicholas,* 286 AD2d 861, 862 [2001], *affd* 98 NY2d 749 [2002]; *People v McLean,* 243 AD2d 756 [1997]). Nevertheless, contrary to the defendant's contention, under the circumstances of this case, the error did not deprive the defendant of a fair trial and otherwise does not require reversal (*see People v Beers,* 302 AD2d at 899).

The defendant challenges other remarks made by the prosecutor during summation, as well as certain questions posed by the prosecutor during the cross-examination of the defendant's mother. However, none of the challenged remarks or questions, either singly or cumulatively, deprived the defendant of a fair trial (*see People v Wright,* 62 AD3d 916, 917-918 [2009]).

The defendant's contention, raised in her pro se supplemental brief, that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell,* 89 AD3d 1108, 1109 [2011]; *see People v Evans,* 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump,* 53 NY2d 824 [1981]; *People v Brown,* 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman,* 93 AD3d 805, 806 [2012]; *People v Maxwell,* 89 AD3d at 1109). Rivera, J.P., Skelos, Roman and Miller, JJ., concur.