■ The People of the State of New York, Respondent, v Michael Verni, Appellant. [7 NYS3d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 20, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the second degree because the People failed to establish that he possessed a loaded firearm outside of his home or place of business in violation of Penal Law § 265.03 (3). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A "valid line of reasoning and permissible inferences" (*People v Danielson*, 9 NY3d 342, 349 [2007]) exists from which a rational jury could have concluded that the defendant discharged the two bullets from his handgun into his chest while seated in his automobile, and that therefore he possessed the handgun, while still loaded,

outside his home or place of business (*see People v Taylor*, 83 AD3d 1505, 1506 [2011]; *People v Laing*, 66 AD3d 1353, 1354 [2009]; *People v Williams*, 167 AD2d 565, 566 [1990]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, under the facts presented at trial, the trial court erred in denying the defendant's request to charge the jury on criminal possession of a weapon in the fourth degree. Criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the second degree as charged in the indictment (*see People v Menchetti*, 76 NY2d 473, 478 [1990]; *People v Laing*, 66 AD3d at 1355). Viewed in the light most favorable to the defendant, there was a reasonable view of the evidence that could have supported an inference that the defendant shot himself in his home or place of business prior to entering his automobile, and that he therefore may have been guilty of the lesser crime but not the greater (*see* CPL 300.50 [1]; *People v Martin*, 59 NY2d 704, 705 [1983]; *People v Glover*, 57 NY2d 61, 63 [1982]; *People v Borges*, 90 AD3d 1067, 1069 [2011]; *People v Brockett*, 74 AD3d 1218, 1220 [2010]; *People v Bethea*, 24 AD3d 685 [2005]). Although the jury could have inferred from circumstantial evidence that the defendant shot himself inside his automobile, they were not required to do so (*see generally People v Henderson*, 41 NY2d 233, 236-237 [1976]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]; *People v Credle*, 124 AD3d 792, 793 [2015]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Although the defendant made a postconviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion are not properly before us, as he was denied leave to appeal from the denial of that motion (*see People v Coleman*, 125 AD3d 879 [2015]; *People v DeLuca*, 45 AD3d 777 [2007]).

The defendant's remaining contention is without merit. Eng, P.J., Dillon, Chambers and Barros, JJ., concur. ■