■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CICERON J. RIVERA, Appellant. [9 NYS3d 119]—Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered April 4, 2013, convicting him of attempted assault in the first degree, assault in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court dated April 26, 2013.

Ordered that the judgment and resentence are affirmed.

The defendant contends that he was deprived of the effective assistance of counsel at a pretrial hearing because his attorney failed to argue that he was improperly questioned by the police after his indelible right to counsel had attached. The defendant's claim is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]; *People v Credle*, 124 AD3d 792, 793 [2015]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assis-

tance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim in its entirety (*see People v Verni*, 127 AD3d 887, 888 [2d Dept 2015]; *People v Maxwell*, 89 AD3d at 1109). For the same reason, the defendant's contention that he was deprived of his right to effective assistance of counsel with respect to pretrial plea negotiations may only be raised pursuant to CPL 440.10

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is largely unpreserved for appellate review, because he failed to object to most of the challenged remarks (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981, 982 [2014]; *People v Jorgensen*, 113 AD3d 793, 794 [2014]; *People v Hoke*, 111 AD3d 959, 960 [2013]). In any event, the challenged remarks were fair comment upon the evidence, were responsive to the defense counsel's summation, were within the bounds of rhetorical comment, or do not otherwise require reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Martin*, 116 AD3d at 983; *People v Herb*, 110 AD3d 829, 830 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.