■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HERON, Appellant. [13 NYS3d 243]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered May 13, 2013, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to cause the death of the victim. The defendant's intent can be inferred from his conduct and the surrounding circumstances (*see People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Edwards*, 120 AD3d 1435 [2014]; *People v Norris*, 98 AD3d 586 [2012]; *People v Bryant*, 39 AD3d 768, 769 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the crime of murder in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court granted the defendant's request to instruct

the jury with respect to the lesser-included offense of manslaughter in the first degree, but the jury convicted him of murder in the second degree, as charged in the indictment. Therefore, review of the trial court's refusal to charge the remote lesser-included offenses of manslaughter in the second degree and criminally negligent homicide is foreclosed (*see People v Green*, 5 NY3d 538, 545 [2005]; *People v Conroy*, 102 AD3d 979, 981 [2013]).

"A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person . . . 'A court need not charge the defense of justification if, considering the record in the light most favorable to the defendant, no reasonable view of the evidence supports it' " (*People v Ojar*, 38 AD3d 684, 684-685 [2007], quoting *People v Bennett*, 279 AD2d 585 [2001]). Here, contrary to the defendant's contention, the Supreme Court properly denied his request to charge the jury regarding the justification defense, as no reasonable view of the evidence supported such an instruction (*see People v Fowler*, 101 AD3d 898, 899 [2012]; *People v Cotsifas*, 100 AD3d 1015 [2012]; *People v Ojar*, 38 AD3d at 685).

The defendant failed to preserve for appellate review his contention that the Supreme Court erred in instructing the jury with respect to the elements of criminal possession of a weapon in the fourth degree (*see* CPL 470.05 [2]; *People v Bridgeforth*, 119 AD3d 600, 601 [2014], *lv granted* 25 NY3d 988 [2015]). In any event, contrary to the defendant's contention, there was evidence showing that the knife allegedly used in this incident constituted a dangerous knife based upon the circumstances of its possession including the behavior of the defendant which demonstrated that he considered it a weapon (*see Matter of Jamie D.*, 59 NY2d 589, 591 [1983]; *Matter of Edwin O.*, 91 AD3d 654, 654-655 [2012]; *Matter of Sean R.*, 33 AD3d 925, 926 [2006]). Thus, the Supreme Court did not err in instructing the jury that the defendant's possession of the knife was " 'presumptive evidence of intent to use [the] same unlawfully against another' " (quoting Penal Law § 265.15 [4]; *Matter of Sean R.*, 33 AD3d at 926).

The defendant's contention that his trial attorney deprived him of his right to testify rests on matters outside the record, and it was therefore not properly raised in his motion to set aside the verdict pursuant to CPL 330.30 (1) (*see People v Perry*, 266 AD2d 151, 151-152 [1999]).

In his pro se supplemental brief, the defendant argues that the Supreme Court erred in closing the courtroom doors to latecomers during the trial court's instructions to the jury. That contention is unpreserved for appellate review, and in any event, without merit (*see People v Colon*, 71 NY2d 410, 415-416 [1988]; *People v Bunker*, 259 AD2d 757 [1999]).

The defendant also failed to preserve for appellate review his contention that the Supreme Court failed to comply with the procedure delineated in *People v O'Rama* (78 NY2d 270 [1991]), in its handling of two notes by which the jury asked to see certain photographs and videotapes that were in evidence, and requested a clarification of the definition of intent. The alleged failure to comply with the *O'Rama* procedure did not constitute a mode of proceedings error which would obviate the preservation requirement because it is evident from the record that the Supreme Court complied with its core responsibilities under CPL 310.30 by giving counsel meaningful notice of the content of the jury's notes, and providing a meaningful response to the jury (*see People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Cherry*, 127 AD3d 879, 88-881 [2015]; *People v Pressley*, 115 AD3d 991, 992 [2014]; *People v Woodrow*, 89 AD3d 1158, 1160 [2011]). In any event, the defendant's contention that the Supreme Court failed to comply with the *O'Rama* procedure is without merit (*see People v Evans*, 127 AD3d 780, 782 [2015]; *People v Nunez*, 120 AD3d 714, 717 [2014]).

The defendant's right to be present at all material stages of the trial was not violated by his absence during a discussion of notes received from a sworn juror regarding a potential scheduling conflict (*see People v Harris*, 99 NY2d 202, 212 [2002]).

The defendant's claim that he was denied the effective assistance counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]; *People v Credle*, 124 AD3d 792, 793 [2015]). It is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing this claim in its entirety (*see People v Rivera*, 128 AD3d 857 [2015]; *People v Verni*, 127 AD3d 887 [2015]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those

raised in his pro se supplemental brief, are without merit. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.