People v Adams (2024 NY Slip Op 02445)

People v Adams

2024 NY Slip Op 02445

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

297 KA 20-01109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES ADAMS, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 11, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Defendant's conviction stems from his conduct in firing a weapon while in a parking lot of a gas station, which conduct was captured on surveillance videos. We reject defendant's contention that Supreme Court erred in denying his request to charge criminal possession of a weapon in the fourth degree as a lesser included offense of criminal possession of a weapon in the second degree. Defendant requested the lesser included offense on the theory that only blanks were fired from the weapon. Although criminal possession of a weapon in the fourth degree (§ 265.01 [1]) is a lesser included offense of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]; see People v Johnson, 74 AD3d 1912, 1913 [4th Dept 2010]; People v Laing, 66 AD3d 1353, 1355 [4th Dept 2009], lv denied 13 NY3d 908 [2009]), we conclude that "[t]here is no reasonable view of the evidence that would allow the jury to conclude, without resorting to speculation, that defendant committed the lesser offense but not the greater" (People v Taylor, 83 AD3d 1505, 1506 [4th Dept 2011], lv denied 17 NY3d 822 [2011]; see Laing, 66 AD3d at 1355; see generally People v Cotarelo, 71 NY2d 941, 942-943 [1988]; People v Glover, 57 NY2d 61, 63 [1982]). Although no projectiles were recovered at the scene, a police technician and a firearms examiner testified that the casings in the weapon were consistent with live rounds of ammunition and not blanks.
We reject defendant's further contention that he was prejudiced by the admission in evidence of body camera footage from police officers who responded to the scene of the shooting and arrested defendant. Defendant's statements on the videos were admissible as party admissions (see People v Caban, 5 NY3d 143, 151 n [2005]; People v Brinkley, 174 AD3d 1159, 1165-1166 [3d Dept 2019], lv denied 34 NY3d 979 [2019]), and their probative value to defendant's consciousness of guilt outweighed the prejudice (see People v Joe, 146 AD3d 587, 590 [1st Dept 2017], lv denied 29 NY3d 1081 [2017]). To the extent the court erred in admitting the officers' hearsay statements, we conclude that the error is harmless (see People v Molson, 89 AD3d 1539, 1541-1542 [4th Dept 2011], lv denied 18 NY3d 960 [2012]). The evidence of defendant's guilt was overwhelming, and there was no significant probability that defendant would have been acquitted had those statements been excluded (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court