■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH WHITE, Appellant.—Judgment unanimously modified, on the law, and a new trial granted in accordance with memorandum, and, as modified, affirmed. Memorandum: Following an unsuccessful attempt to cash food stamps at a local supermarket, defendant was arrested for verbally and physically assaulting a security guard and police officers. Defendant was charged with attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and related crimes for firing a gun at police officers who were trying to confine her to a jail cell. Defendant's primary claim on appeal is that the trial court erred in disallowing proffered psychiatric testimony to establish the affirmative defense of "extreme emotional disturbance" (Penal Law § 125.25 [1] [a]). We agree.

Extreme emotional disturbance is an affirmative defense to attempted murder in the second degree, notwithstanding the absence of statutory language so indicating *(see, People v Tabarez,* 113 AD2d 461, 463; *People v Lanzot,* 67 AD2d 864, 865-866, *appeal dismissed* 49 NY2d 796). The defense is provided only for the crime of murder *(see,* Penal Law § 125.25 [1] [a]; § 125.27 [2] [a]). It should apply to the crime of attempted murder as well, however, since there is no reason for affording a defendant who succeeds in killing his victim the mitigating benefit of the defense while denying that benefit to a defendant who is unsuccessful. The defense of extreme emotional disturbance relates solely to a defendant's culpability. Since there is no difference in the intent required for murder or attempted murder, but only a difference in result, the defense should be available to a defendant charged with either crime.

Since liability for manslaughter in the first degree under Penal Law § 125.20 (2) requires a specific intent to cause the death of another, it is a crime which may be attempted within the meaning of Penal Law § 110.00. A defendant charged with attempted murder who successfully establishes an extreme emotional disturbance defense would be entitled to be found guilty of attempted manslaughter in the first degree under Penal Law § 125.20 (2) *(cf. People v McDavis,* 97 AD2d 302, 303, n). Thus, the trial court should have permitted defendant to present psychiatric evidence in support of her defense of extreme emotional disturbance *(see, People v Aphaylath,* 68 NY2d 945).

Inasmuch as defendant was improperly convicted of the class B felony of attempted murder, second degree, defendant's conviction for criminal use of a firearm, first degree, may not stand (Penal Law § 265.09).

We have considered the remaining claims raised by the defendant and find that none requires reversal. Accordingly, the judgment of conviction for attempted murder in the second degree and criminal use of a firearm, first degree, is reversed and a new trial granted thereon and in all other respects, the judgment is affirmed. (Appeal from judgment of Erie County Court, La Mendola, J.—attempted murder, second degree, and other offenses.) Present—Callahan, J. P., Doerr, Green, Lawton and Schnepp, JJ.