■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 25, 1986, convicting him of attempted manslaughter in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence at trial does not support the jury's rejection of his defense of mental disease or defect *(see,* Penal Law former § 30.05). We disagree. Dr. John B. Train, the People's expert psychiatric witness, testified that he had examined the defendant on November 22, 1985. Prior to his examination, he had reviewed a number of psychiatric reports prepared with respect to the defendant, including reports of examinations conducted in 1984 pursuant to CPL article 730 by two psychiatrists who concluded that the defendant was delusional and psychotic, and, hence, unfit to stand trial, and a subsequent report prepared at the Mid-Hudson Psychiatric Center indicating that the defendant was competent to stand trial. Dr. Train concluded as a result of his examination that although the defendant suffered from a "personality disorder with depression" at the time of the incident, he did not have a mental disease or defect which would have caused him to lack a substantial capacity to know or appreciate either the nature or consequences of his conduct or that such conduct was wrong. Dr. Train noted in support of his conclusion that although the defendant was under a great deal of stress at the time of the incident and apparently had no recollection of his conduct, he was neither delusional, psychotic, nor subject to hallucinations at this time, and the "CAT" scan and electroencephalogram performed on him at the Mid-Hudson Psychiatric Center indicated no abnormalities of the brain.

This conclusion was further supported by the testimony of two lay witnesses, Venus and Alfred Harris, who observed the defendant during the incident and testified that he was able to communicate normally at this time and appeared to be in control of his mental faculties. On the basis of this evidence,

the People sustained their burden of disproving the defense of mental disease or defect beyond a reasonable doubt (see, Penal Law § 25.00 [1]). Dr. Train's conclusion, in fact, was uncontroverted by the testimony of the defendant's expert psychiatric witnesses, both of whom were unable to offer a definitive opinion on the defendant's mental state as it related to the issue of criminal responsibility.

Accordingly, upon the exercise of our factual review power, we find that the jury's verdict was not against the weight of the evidence (see, CPL 470.15 [5]). The record clearly demonstrates that the jury considered the mental condition of the defendant before arriving at its verdict, and, indeed, accepted the defendant's claim of extreme emotional disturbance, convicting the defendant of the reduced charge of attempted manslaughter in the first degree.

We have examined the remainder of the defendant's contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.