■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered December 16, 1983, convicting him of murder in the second degree and attempted manslaughter in the first degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reducing the defendant's convictions for attempted manslaughter in the first degree to attempted assault in the first degree, vacating the sentences imposed on those convictions and remitting the matter to the Supreme Court, Queens County, for resentencing upon those convictions; as so modified, the judgment is affirmed.

The defendant contends that the trial court erred in permitting the prosecutor to question him regarding his silence prior to and subsequent to his arrest. Generally, such questioning is improper *(see, People v Conyers,* 52 NY2d 454; *People v Christman,* 23 NY2d 429). Here, however, the case was tried without a jury and, absent a showing of prejudice, the Trial Judge is presumed to have considered only competent evidence adduced at the trial in reaching the verdict *(People v Sims,* 127 AD2d 805, 806, *lv denied* 70 NY2d 656). On this record, we find no basis to suggest that the court considered anything but competent evidence.

The defendant's convictions on the three counts of attempted manslaughter in the first degree must be reduced to attempted assault in the first degree (Penal Law §§ 110.00, 120.10). Except in those instances where a defense of extreme emotional disturbance is interposed to reduce a charge of attempted murder *(People v Harris,* 138 AD2d 626; *People v Tabarez,* 113 AD2d 461), which is not the case at bar, the crime of attempted manslaughter in the first degree is a nonexistent crime *(People v McDavis,* 97 AD2d 302; *People v Williams,* 40 AD2d 1023). Therefore, we have reduced those convictions accordingly, and the matter is remitted to the Supreme Court, Queens County, for resentencing thereon.

We have reviewed the defendant's remaining contentions, including his claim that the sentence imposed was excessive, and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.