■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JENNINGS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 8, 1986, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The record establishes that trying the defendant in absentia did not constitute an abuse of discretion *(People v Parker,* 57 NY2d 136). The defendant waived his right to be present at trial by failing, after its commencement and following a warning that trial would proceed without him, to return to court until 1½ years after issuance of a bench warrant *(see, People v Sanchez,* 65 NY2d 436; *People v Parker, supra).*

While we agree that the trial court improperly commented on the defendant's failure to testify, the error was harmless in light of the overwhelming proof of guilt and because the trial was conducted without a jury *(cf., People v Brown,* 24 NY2d 168; *People v Scott,* 138 AD2d 421, *lv denied* 72 NY2d 866).

The trial court did not abrogate its responsibility to consider

the evidence before rendering its verdict *(see,* CPL 320.20 [3] [d]). We perceive no defect simply because the court rendered its guilty verdict immediately after conclusion of the summations. The entire trial, although spread over four days, was relatively short and the single issue of credibility was a straightforward one. The defendant's contention that the trial court improperly altered the order of proof is not preserved for our review, and, in any event, is without merit *(cf., People v Washington,* 71 NY2d 916; *People v Ferrone,* 204 NY 551). Finally, the record does not establish that the defendant was denied the effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137). Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.