■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH WATSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered March 1, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his conviction of depraved mind murder (Penal Law § 125.25 [2]) was predicated

upon legally sufficient evidence. The evidence adduced at the trial, viewed in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), established that to settle a previous dispute, the defendant armed himself with two long butchers' knives with which he repeatedly sliced and stabbed the victim causing his death. While the defendant may have intended only to frighten the victim *(see, People v Kanelos,* 107 AD2d 764), his conduct evidenced a depraved indifference to the victim's life and his wantonly reckless conduct created an imminently dangerous and grave risk of death which culminated in the victim's demise *(see, People v Roe,* 74 NY2d 20; *People v Henry,* 132 AD2d 673; *People v Languena,* 129 AD2d 587). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find that the defendant was not entitled to a jury charge on the affirmative defense of extreme emotional disturbance as this theory is applicable only to reduce a charge of intentional murder *(see,* Penal Law § 125.27 [2] [a]; § 125.25 [1] [a]) or attempted intentional murder, to manslaughter in the first degree and attempted manslaughter in the first degree, respectively *(see, People v White,* 125 AD2d 932; *People v Tabarez,* 113 AD2d 461, *affd* 69 NY2d 663; *People v Lanzot,* 67 AD2d 864). Even if this affirmative defense were available to depraved mind murder charges, it would not have been appropriate in this case as the defendant's calculated and premeditated quest for revenge, motivated by fear and anger, is not equivalent to the loss of self-control generally associated with the affirmative defense of extreme emotional disturbance *(see, People v Walker,* 64 NY2d 741; *People v Knights,* 109 AD2d 910).

We have reviewed the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.