■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD STEVENS, Also Known as TELFORD GARFIELD STEVENS, Appellant.—

Viewing the evidence in the light most favorable to the prosecution, we find defendant's guilt was proven beyond a reasonable doubt as the verdict was not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.) The primary issue here was credibility, which is to be determined by the trier of the facts. Moreover, the evidence adduced by the prosecution disproved the defense of justification beyond a reasonable doubt. There was evidence establishing that complainant Smith was unarmed when defendant stabbed him several times in the body and face and that defendant's actions were not reasonably justified by the circumstances. *(See, People v Spencer,* 146 AD2d 817.)

The elicitation at trial, in this case during the prosecution's direct case, of testimony regarding a defendant's postarrest silence, is generally improper. *(People v Conyers,* 52 NY2d 454.)* Here, however, the case was tried without a jury and absent a showing of prejudice, the Trial Judge is presumed to have considered only competent evidence adduced at trial in reaching the verdict. *(People v Robinson,* 143 AD2d 376, 377.) Inasmuch as the court stated that no consideration would be given to the properly stricken testimony, and no prejudice has been shown, no error can be discerned from the court's failure to order a mistrial.

We have considered defendant's remaining speedy trial contention and, in light of the lengthy hospitalization of the complainant for the injuries sustained in this attack, find it to be without merit. (CPL 30.30 [4] [g]; *People v Goodman,* 41 NY2d 888.) Concur—Kupferman, J. P., Asch, Ellerin and Smith, JJ.