■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO AYALA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered September 26, 1989, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

During the course of rendering his verdict, the Trial Judge stated that he had expected the defendant to testify as to his affirmative defense of extreme emotional disturbance and that if the defendant had so testified, then he would have been inclined to render a guilty verdict on the lesser charge of manslaughter rather than on the murder charge.

As a general rule, "absent a showing of prejudice, a Trial Judge is presumed to have considered only competent evidence adduced at the trial in reaching the verdict" *(People v Robinson,* 143 AD2d 376, 377). However, it is also "axiomatic that no allusion may be made to the fact that the defendant has failed to avail himself of his right to testify in his own behalf" *(People v Cora,* 47 AD2d 739). The Court of Appeals has previously indicated that any statement by a Trial Judge which tends to deprive the defendant of the full protection of his right not to have unfavorable inferences drawn from his failure to testify in his own behalf is reversible error *(see, People v McLucas,* 15 NY2d 167, 171; *see also, People v Mercado,* 120 AD2d 619). These rules against improperly commenting upon a defendant's silence apply equally as well in a nonjury setting *(see, People v Stevens,* 158 AD2d 283; *People v Jennings,* 144 AD2d 696).

Since it is self-evident from the Trial Judge's comment that the defendant's exercise of his constitutional right to remain silent was a major factor in his decision, it cannot be said that the error herein was harmless *(see, Hawkins v LeFevre,* 758 F2d 866; *see also, Anderson v Smith,* 751 F2d 96; *People v Jennings, supra).* Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.