■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD DARE, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Memorandum: Defendant contends that the trial court erred in failing to charge the defense of justification with regard to the crime of assault in the second degree (Penal Law § 120.05 [3]). We agree. In its instructions to the jury the court charged the defense of justification as to the second, fourth, fifth and sixth counts of the indictment that charged defendant with assault in the second degree (Penal Law § 120.05 [7]) and attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]). The court, however, specifically instructed the jury that, on the first and third counts of the indictment that charged assault in the second degree pursuant to Penal Law § 120.05 (3), it was not to consider the defense of justification. That was error because the defense of

justification is not limited to any particular crime involving the use of force or to any particular *mens rea (see, People v Magliato,* 68 NY2d 24, 29; *People v McManus,* 67 NY2d 541, 547). Because assault in the second degree (Penal Law § 120.05 [3]) is a crime involving the use of force, a charge of justification must be given whenever there is evidence to support it *(see, People v McManus, supra,* at 549).

Here, defendant testified that it was the correction officers who were the aggressors, and that he used physical force only to defend himself from their use of excessive or unlawful force. Viewing that evidence, as we must, in the light most favorable to defendant *(see, People v Watts,* 57 NY2d 299, 301), a charge on the defense of justification was warranted.

Although the error is unpreserved, given the possibility of contradictory findings resulting from the court's failure to charge justification on all counts of the indictment, we reverse as a matter of discretion in the interest of justice. In its verdict the jury acquitted defendant of those counts of the indictment where the defense of justification was charged, and convicted defendant of those counts where the court directed the jury not to consider that defense. The court's failure to charge the defense of justification on the first and third counts of the indictment therefore may have resulted in the jury finding defendant not guilty of the remaining counts by reason of justification, but guilty of the first and third counts despite its finding of justification. A finding of not guilty by reason of justification, however, precludes a finding of guilt on any count because it renders defendant's conduct lawful *(see, People v Hoy,* 122 AD2d 618, 619).

Although the issue is unpreserved, we note that the court's *Allen* charge was unbalanced because it stressed the minority's duty to reconcile its views with that of the majority and give deference to the majority's views, without similarly instructing the majority *(see, People v Robinson,* 84 AD2d 732, 733). (Appeal from Judgment of Supreme Court, Oneida County, Gorman, J.—Assault, 2nd Degree.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.