■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. CAIN, Appellant. [653 NYS2d 739] —Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of assault in the second and third degrees and resisting arrest, defendant contends that County Court erred in denying his request to charge the jury on the defense of justification. We agree. Defendant's conviction is the result of an altercation with a

part-time police officer employed by the Village of Barker. The officer, dressed in civilian clothing, drove his private vehicle into defendant's driveway and approached defendant. Defendant testified that the officer did not identify himself as a police officer and that defendant was unaware that he was a police officer. Defendant further testified that he struck the officer in self-defense after the officer grabbed him. Viewing the evidence, as we must, in the light most favorable to defendant, a charge of justification was warranted (see, People v McManus, 67 NY2d 541; People v Dare, 175 AD2d 586, lv denied 78 NY2d 1127). The error in denying the request for a justification charge is not subject to harmless error analysis because the proof of defendant's guilt is not overwhelming (see, People v Crimmins, 36 NY2d 230, 241).

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.