■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVONZO DIXON, Appellant. [717 NYS2d 517] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered October 22, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's contention that the court failed to follow the three-step protocol set forth in Batson v Kentucky (476 US 79) is unpreserved for appellate review (People v De Los Angeles, 270 AD2d 196), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record supports the court's determination, unchallenged by de-

fendant at trial, that there was no need to ask the prosecutor to provide race-neutral explanations for the two peremptory challenges at issue, since the reasons for them were obvious.

Defendant has failed to preserve his current claim that the court failed to exercise its discretion in refusing the jury's request for a readback of the parties' summations (*People v Velasco*, 77 NY2d 469, 474), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court did exercise its discretion, and did so properly (*see, People v McClary*, 197 AD2d 640; *People v Santana*, 121 AD2d 236, *lv denied* 68 NY2d 773). Concur—Rosenberger, J. P., Tom, Wallach, Rubin and Saxe, JJ.