■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANDENA FOOTMAN, Appellant. [748 NYS2d 350]

The court properly admitted portions of defendant's videotaped statement in which defendant made reference to his argument with the victim, his ex-girlfriend, two to three weeks prior to the murder, at which time the police intervened. Even if it is assumed, arguendo, that this fell within the realm of uncharged crimes evidence, this portion of the videotape, in which defendant described the termination of his relationship

with the victim, was probative of his motive and intent and outweighed any prejudicial effect (*see People v Alvino*, 71 NY2d 233, 241-242; *People v Steinberg*, 170 AD2d 50, 72-74, *affd* 79 NY2d 673). Any prejudice was alleviated by the court's careful limiting instruction to the jury.

Defendant's challenge to a witness's testimony describing the same incident is unpreserved because defendant requested no further relief after the court granted his application that the jury be instructed to disregard the testimony in question, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's action was sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865).

Defendant's claim that the court should have conducted an inquiry of a juror who asked a court officer what was the proper pronunciation of the victim's name is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly addressed this incident by reminding the jury not to discuss any aspect of the case with anyone (*see People v·Bosket*, 295 AD2d 202).

We perceive no basis for a reduction of sentence. Concur— Williams, P.J., Tom, Rosenberger and Friedman, JJ.