■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL LEDESMA, Also Known as LEOBEL LEDESMA, Appellant. [750 NYS2d 755] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered January 13, 1998, convicting defendant, after a jury trial, of attempted manslaughter in the first degree and assault in the first and second degrees, and sentencing him to an aggregate term of 11 to 22 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility were properly considered by the jury and there is no basis for disturbing its determinations.

Since defendant interposed the defense of extreme emotional disturbance to the charge of attempted murder in the second degree, he was properly convicted of the otherwise nonexistent crime of attempted manslaughter in the first degree (*see People v Motter*, 235 AD2d 582, 584, *lv denied* 89 NY2d 1038; *People v Robinson*, 143 AD2d 376, 377, *lv denied* 73 NY2d 789).

Since defendant's claim of ineffective assistance of counsel primarily involves matters outside the record, including trial counsel's strategic decisions as to whether to call certain witnesses, it should have been brought by way of a CPL 440.10 motion. To the extent the existing record permits review, it establishes that counsel pursued reasonable strategies and that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

The court conducted a suitable inquiry concerning a conversation between a juror and an intern who lived near the juror and worked for a judge other than the trial court. The inquiry established that the case was never discussed and that the matter was innocuous and trivial. Furthermore, the court repeatedly instructed the jury not to discuss the case with anyone (*People v Footman*, 297 AD2d 566, 567).

The challenged portions of the prosecutor's summation were within the broad bounds of permissible rhetoric and did not deny defendant a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court properly admitted photographs of the victim showing the nature and gravity of his injuries, since they were rele-

vant to the issue of defendant's homicidal intent, as well as his justification defense (*see People v Wood*, 79 NY2d 958; *People v Stevens*, 76 NY2d 833; *People v Pobliner*, 32 NY2d 356, 369-370).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.