■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH MAYNARD, Appellant. [818 NYS2d 56]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered May 22, 2003, convicting defendant, after a jury trial, of two counts of rape in the first degree, and sentencing him to consecutive terms of five years, unanimously affirmed.

The court properly exercised its discretion in admitting testimony by the victim's grandfather that defendant had come to the victim's apartment building and indicated that a friend of the victim wanted to see her, and that when the grandfather would not permit defendant to see the victim, defendant made a throat-cutting gesture to the grandfather. This evidence completed the narrative of the encounter and the events leading up to the crime (*see e.g. People v Crossland*, 251 AD2d 509, 510 [1998], *lv denied* 92 NY2d 895 [1998]), and it permitted the jury to draw reasonable inferences concerning defendant's future intent and motive, and his relationship with the victim (*see e.g. People v Morales*, 301 AD2d 368 [2003], *lv denied* 99 NY2d 617 [2003]; *People v Footman*, 297 AD2d 566 [2002], *lv denied* 99 NY2d 558 [2002]). The minimal prejudicial effect of this testimony was outweighed by its probative value.

The court properly exercised its discretion in denying defendant any further adjournments to obtain the presence of a police witness (*see Matter of Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Foy*, 32 NY2d 473, 477-478 [1973]). The court had already granted more than eight months of adjournments to produce the witness, a member of the National Guard who had been activated and deployed to Afghanistan, and defendant still did not know the witness's date of expected return. Furthermore, the witness's anticipated testimony would, at most, have contradicted the victim on a minor point concerning how she described defendant's height. Moreover, the People offered to enter into a reasonable stipulation concerning the absent witness's testimony, but defendant never accepted that offer.

Since defendant either made generalized objections, or arguments that are completely different from those raised on appeal,

his arguments regarding the expert testimony introduced by the People are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court properly exercised its discretion by permitting expert testimony regarding child sexual abuse syndrome. This testimony was relevant to issues raised at trial, and it was not offered to prove that the rapes actually occurred (*see People v Taylor*, 75 NY2d 277, 293 [1990]). Both the court and the expert repeatedly made it clear to the jury that the expert was not giving an opinion on the facts of this case, but only as to the syndrome in general. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.