OPINION OF THE COURT
John M. Leventhal, J.
Issue Presented
The court is presented with an issue of first impression, namely, whether the affirmative defense of extreme emotional disturbance (BED) ought to be applicable to a charge of assault in the first degree.
*986 Facts
On or about November 22, 2005, defendant is alleged to have stabbed his wife numerous times with a knife causing massive blood loss. The injuries incurred required surgery.
The defendant, both in the context of his Clayton motion (CPL 210.40) and in this instant motion, seeks to have the defense of EED, pertaining to murder in the second and first degrees under Penal Law § 125.25 (1) (a) and § 125.27 (2) (a), apply to assault in the first degree (Penal Law § 120.10). After considering the defendant’s motion and the People’s answering papers, as well as the memoranda of law submitted, the application is denied for the reasons discussed below.
Discussion
The statutory affirmative defense of EED is available to a defendant charged with murder in the second or first degree (see, Penal Law § 125.25 [1] [a]; § 125.27 [2] [a]; § 25.00 [2]). The courts have extended the mitigation available by way of the affirmative defense of EED to attempted murder (see, People v White, 125 AD2d 932 [1986], lv denied 69 NY2d 956 [1987]; People v Tabarez, 113 AD2d 461 [1985]; People v Lanzot, 67 AD2d 864 [1979], appeal dismissed 49 NY2d 796 [1980]). Had a defendant been successful in his attempt to murder, he would be able to avail himself of this defense. The courts have found that a defendant who attempts to kill, but is unsuccessful, should not be denied such mitigation if EED is established. In essence, the courts have extended the affirmative defense of EED to attempted murder as the intent (and essential elements) is identical to murder, only the result is different.[1] While it is true that “[b]ased upon rules of construction applicable to the Penal Law, ... it is not to be strictly construed, but rather construed according to the fair import of [its] terms to promote justice and effect the objects of the law (Penal Law § 5.00; People v. Teicher, 52 NY2d 638, 647)” (People v Tabarez, 113 AD2d 461, 463 [1985] [internal quotation marks omitted]), here such an extension would be improvident and would constitute the usurping of both the function and prerogative of the Legislature.
EED is an affirmative defense created by statute (see, Penal Law § 125.25 [1] [a]; § 125.27 [2] [a]). The affirmative defense *987 of EED is available only when the defendant acts “with intent to cause the death” (Penal Law § 125.25 [1]; § 125.27 [1]) of another person, not when he acts “with intent to cause serious physical injury . . . [with] a dangerous instrument” to another person (Penal Law § 120.10 [1]).[2]
The mere fact that in 1996 the Legislature elevated the crime of assault in the first degree to a class B violent felony from a class C violent felony is of no moment. The defense applies to the intent to cause the death of another person. The fact that the punishment and classification for attempted murder in the second degree and assault in the first degree are the same does not render the affirmative defense of EED available to one accused of assault in the first degree. In extending the applicability of the affirmative defense of EED to attempted murder, the courts did so as a matter of fundamental fairness in comporting with the Legislature’s intent of having EED apply to only the elements relating to murder and not even to manslaughter in the first degree.[3]
Thus, it is clear that the affirmative defense of EED is only available to a defendant charged with murder in the first and second degrees or attempted murder.
Conclusion
Accordingly, defendant’s application to have extreme emotional disturbance be available as a possible affirmative defense to the charge of assault in the first degree is denied as a matter of law. Should the defendant be able to demonstrate to this court that the defendant suffered from EED, then the court may factor that in considering the defendant’s Clayton motion (see, CPL 210.40 [1] [a], [d]).

. If the jury were to find that a defendant, who was charged with attempted murder in the second degree, acted under the influence of extreme emotional disturbance, then the conviction is mitigated to one of attempted manslaughter in the first degree (see, People v White, 125 AD2d 932 [1986]).

. If this court were to adopt defendant’s argument in this regard, one may then argue that EED should be extended to all assaults, even misdemeanor assaults (see, Penal Law § 120.00 [1] [“intent to cause physical injury”]). This clearly is not what the Legislature intended.

. See Penal Law § 125.25 (1) (a) and § 125.27 (2) (a): “Nothing contained in this paragraph shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime.” Manslaughter in the first degree and assault in the first degree are both class B violent felonies (see, Penal Law § 70.00 [2]).