■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR ALVARADO, Appellant. [889 NYS2d 17]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered July 15, 2007, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Although the court should have permitted defendant to introduce the original civilian complainant's hospital records demonstrating his alleged intoxication into evidence, the error was harmless under the standards for constitutional or nonconstitutional error (*see People v Crimmins*, 36 NY2d 230 [1975]). There was overwhelming evidence that defendant assaulted a police officer with intent to prevent him from performing a lawful duty (*see* Penal Law § 120.05 [3]). The question of the original complainant's intoxication was tangential, and introduction of the records at issue could not have affected the verdict.

Defendant waived his present challenge to the constitutional-

ity of his 2001 predicate felony by failing to raise the same issue at the time of his adjudication as a persistent violent felony offender (*see* CPL 400.15 [7] [b]; *People v Odom*, 61 AD3d 896 [2009], *lv denied* 13 NY3d 747 [2009]). In any event defendant's prior conviction was not "obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States" (CPL 400.15 [7] [b]). Accordingly, we conclude that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]) in connection with his persistent violent felony offender adjudication. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.