Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). A chain of circumstantial evidence amply supported the jury’s conclusion that it was defendant, and not another person involved in the fight, who stabbed the victim. We note that one of the links in this chain was a knife recovered from defendant’s immediate vicinity at the time of his arrest that appeared to be covered with blood (see People v Steele, 287 AD2d 321, 322 [1st Dept 2001], lv denied 97 NY2d 682 [2001] [lay witnesses competent to identify blood from its appearance]).
The court properly declined to submit reckless third-degree assault as a lesser included offense of intentional second-degree assault, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, that he acted with mere recklessness. Defendant’s act of deliberately stabbing his victim could only be viewed as evincing at least an intent to cause physical injury, and there was no evidence to support a theory of recklessness (see e.g. People v Barnes, 265 AD2d 169 [1st Dept 1999], lv denied 94 NY2d 877 [2000]).
*424 Defendant was properly adjudicated a persistent violent felony offender. Defendant waived his constitutional double jeopardy challenge to his 1995 violent felony conviction claim by failing to raise it at the time of his persistent violent felony adjudication (see People v Alvarado, 67 AD3d 430 [1st Dept 2009], lv denied 13 NY3d 936 [2010]). As an alternative holding, we reject it on the merits. In the 1995 case, defendant pleaded guilty but withdrew that plea. This restored the original indictment (see CPL 220.60 [3]) and rendered the original plea a nullity for double jeopardy purposes, so that there was no bar to further prosecution (see People v Bartley, 47 NY2d 965 [1979]). We find defendant’s contrary interpretation of the record of the 1995 proceedings to be unpersuasive.
Defendant’s pro se claims are unpreserved, or are unreviewable on the present record, and are in any event without merit. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.