■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINO MOLINA, Appellant. [955 NYS2d 514]—

The trial court should have instructed the jury on justification pertaining to the use of nondeadly physical force and should not have limited the justification charge to those circumstances in which the use of deadly physical force would have been justified (*see* Penal Law § 35.15). Although the People's theory was that defendant attacked the complainant with scissors, there was a reasonable view of the evidence, viewed in the light most favorable to the defendant, that defendant used nondeadly force. Defendant testified that the complainant initially punched defendant in the face, and defendant then grabbed the complainant, causing him to fall on the floor and sustain injuries (*see People v Smith*, 62 AD3d 411 [1st Dept 2009], *lv denied* 12 NY3d 929 [2009]; *People v Ogodor*, 207 AD2d 461 [2d Dept 1994]). Furthermore, the error was not harmless, since defendant's case rested entirely on his contention that he used only nondeadly force, and that such use was justified (*see People v Lauderdale*, 295 AD2d 539, 540 [2d Dept 2002]; *see also Ogodor*, 207 AD2d at 463).

Since we are ordering a new trial, we find it unnecessary to discuss defendant's other arguments, except that we find that

the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.