Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered December 13, 2010, convicting him of murder in the second degree, assault in the second degree (four counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court erred in allowing testimony suggesting that he regarded the injured complainants as “peripheral damage,” on the grounds that that comment was inflammatory and indicated a propensity to commit the crimes charged, is unpreserved for appellate review, since he did not object to the testimony on those grounds (see CPL 470.05 [2]; People v Tevaha, 84 NY2d 879, 881 [1994]). In any event, that contention is without merit, since the probative value of the subject testimony outweighed any prejudicial effect the testimony may have had. Further, the defendant’s objection to that testimony on the ground that it was irrelevant is without merit, since that testimony tended to prove that the defendant disregarded the substantial and unjustifiable risk to persons other than his intended target when he participated in a shootout on a busy public street (see Penal Law § 120.05 [4]).
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulling our responsibility to conduct an independent review of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contentions that he was deprived of the ef *735 fective assistance of counsel, inter alia, by defense counsel’s failure to preserve his contention that the evidence was legally insufficient in certain specific respects, are without merit. “A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success” (People v Stultz, 2 NY3d 277, 287 [2004]; see People v Caban, 5 NY3d 143, 152 [2005]). Based on the record before us, we conclude that counsel provided meaningful representation (see People v Stultz, 2 NY3d at 279; People v Baldi, 54 NY2d 137, 141 [1981]).
The Supreme Court did not err in sentencing the defendant to consecutive terms of imprisonment for murder in the second degree and for each of the counts of assault in the second degree, which involved separate victims, and separate acts (see People v McKnight, 16 NY3d 43, 48-49 [2010]; People v Holmes, 92 AD3d 957 [2012]).
The defendant’s remaining contentions, including the contentions raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit. Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur.