■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FAGAN, Appellant. [983 NYS2d 28]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J.), rendered July 6, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing in accordance with this decision, and otherwise affirmed. Order, same court and Justice, entered July 3, 2013, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, and the motion granted as indicated above.

Under the circumstances of the case, defense counsel rendered ineffective assistance at the July 6, 2010 sentencing proceeding when he failed to challenge the constitutionality of defendant's 2000 New York County conviction, which was used as a predicate conviction in adjudicating defendant a persistent violent felony offender (*see* CPL 400.15 [7] [b]; 400.16 [2]). It is undisputed that at his 2000 plea proceeding, defendant was not advised that his sentence would include postrelease supervision (*see People v Catu*, 4 NY3d 242 [2005]).

In connection with the 2000 conviction, Supreme Court, New York County added postrelease supervision to the sentence in 2009 to cure an unlawful administrative imposition of PRS (*see People v Sparber*, 10 NY3d 457 [2008]). In May 2010 that court removed PRS from the sentence in accordance with *People v Williams* (14 NY3d 198 [2010]). Contrary to the People's sole argument on appeal addressing the *Catu* issue, the vacatur of defendant's PRS could not cure the *Catu* error, or give defendant the benefit of his plea, since at the time of the vacatur he had already served four years of PRS, and had also spent time in jail in violation of that supervision. Accordingly, neither Penal Law § 70.85 nor *People v Pignataro* (22 NY3d 381 [2013]) has any applicability to the issues here.

In connection with the instant CPL 440.20 motion, the attorney who represented defendant at his 2010 persistent violent felony offender adjudication and sentencing acknowledged that he had no strategic reason for failing to challenge the 2000 conviction, and that he never inquired into whether defendant had been advised about PRS at his 2000 plea proceeding. He further affirmed that had he been aware that the conviction was obtained in violation of *Catu*, he would have in fact challenged its use to enhance defendant's sentence in this case. Thus, this was not a case where an attorney may have reasonably believed that it would have been futile to raise a *Catu* issue regarding the constitutionality, for predicate felony purposes, of defendant's 2000 conviction, or that the law was unclear on this issue (*see People v Catalanotte*, 72 NY2d 641, 644-645 [1988], *cert denied* 493 US 811 [1989]; *see also People v Alvarado*, 67 AD3d 430, 431 [2009], *lv denied* 13 NY3d 936 [2010]; *People v Menjivar*, 9 Misc 3d 1108[A], 2005 NY Slip Op 51451[U] [Sup Ct, Queens County 2005]). Instead, failure to raise the issue was the product of a lack of investigation (*see People v Droz*, 39 NY2d 457, 462 [1976]). Accordingly, defendant is entitled to have his persistent felony offender status litigated with proper assistance of counsel, at a new adjudication and sentencing.

Turning to issues raised on defendant's direct appeal from his 2010 judgment of conviction, we find that defendant's purported waiver of his right to appeal was invalid (*see People v Braithwaite*, 73 AD3d 656 [1st Dept 2010], *lv denied* 15 NY3d 849 [2010]). However, defendant's excessive sentence claim is academic because we are ordering a plenary sentencing proceeding, and his pro se claims are without merit. Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.