■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL NUNEZ, Appellant. [991 NYS2d 121]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered April 7, 2011, convicting him of attempted manslaughter in the first degree (two counts), aggravated assault upon a police officer, criminal possession of a weapon in the second degree, attempted assault in the first degree (two counts), assault on a police officer, theft of services, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gross, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault on a police officer, as charged in count ten of the indictment, vacating the sentence imposed thereon, and remitting the matter to the Supreme Court, Queens County, for a new trial as to that count of the indictment; as so modified, the judgment is affirmed.

The charges against the defendant arose from an incident in which he shot and seriously wounded two police officers in a subway station, and allegedly attempted to shoot a third officer.

Contrary to the defendant's contention, the Supreme Court did not err in denying his request to charge assault in the second degree under Penal Law § 120.05 (4) as a lesser-included offense of the counts of attempted assault in the first degree and aggravated assault upon a police officer, with respect to the shooting of Police Officer Farina. When viewed in the light most favorable to the defendant, there was no reasonable view of the evidence that the defendant acted recklessly, rather than

intentionally, in firing a gun at Officer Farina, particularly as the record showed that the defendant grabbed a gun belonging to a police officer during a physical struggle with Officer Farina and then fired the gun in close proximity to Officer Farina, striking him (*see People v Gutt*, 101 AD3d 423, 424 [2012]; *People v Funchess*, 284 AD2d 478 [2001]; *People v Ellis*, 230 AD2d 751 [1996]).

However, the Supreme Court should have submitted a justification charge to the jury with respect to the crime of assault on a police officer under Penal Law § 120.08, as charged in count ten of the indictment. As relevant here, "justification is comprised of both subjective and objective elements. The subjective element is concerned with whether the defendant believed that the use of deadly force was necessary; while under the objective prong, the jury must consider whether a reasonable person in the defendant's circumstances would have believed that deadly force was required" (*People v Umali*, 10 NY3d 417, 425 [2008]). When a defense of justification is raised, "the People must demonstrate beyond a reasonable doubt that the defendant did not believe deadly force was necessary or that a reasonable person in the same situation would not have perceived that deadly force was necessary" (*id.*). A trial "court is obliged to give a justification charge whenever the evidence, reasonably viewed in the light most favorable to the defendant, supports the charge" (*People v Lauderdale*, 295 AD2d 539, 540 [2002]; *see People v Padgett*, 60 NY2d 142, 144 [1983]; *People v Torres*, 288 AD2d 406 [2001]).

Contrary to the determination of the Supreme Court, the defense of justification is potentially applicable to the crime of assault on a police officer under Penal Law § 120.08 (*see People v Cain*, 236 AD2d 788 [1997]; *People v Dare*, 175 AD2d 586, 586-587 [1991]; *see also People v Magliato*, 68 NY2d 24, 29 [1986]). Further, a reasonable view of the evidence in this case supported a justification charge with respect to count ten of the indictment charging the defendant with assault on a police officer under Penal Law § 120.08 (*see People v Fermin*, 36 AD3d 934, 935-936 [2007]; *see also People v Molina,* 101 AD3d 577 [2012]; *People v Curry*, 85 AD3d 1209, 1211-1212 [2011]). Consequently, the defendant is entitled to a new trial as to count ten of the indictment. However, contrary to the defendant's assertion, there was no "spillover" effect emanating from this error with respect to the remaining charges as, inter alia, the trial court delivered a justification charge with respect to the remaining counts to which it was applicable.

The Supreme Court did not improvidently exercise its discre-

tion in denying the jury's request for a readback of the defense summation remarks (*see People v Smith*, 4 AD3d 378 [2004]; *People v Dixon*, 277 AD2d 65 [2000]).

The sentences imposed with respect to the convictions of attempted manslaughter in the first degree (two counts), aggravated assault upon a police officer, criminal possession of a weapon in the second degree, attempted assault in the first degree (two counts), theft of services, and resisting arrest were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

With respect to the first contention raised by the defendant in his pro se supplemental brief, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the crimes of attempted manslaughter in the first degree (two counts) and aggravated assault upon a police officer was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Further, under the circumstances of this case, the defendant was properly convicted of attempted manslaughter in the first degree. Where, as here, a defendant raises the affirmative defense of extreme emotional disturbance to mitigate a charge of attempted murder, he or she may be convicted of attempted manslaughter in the first degree if the jury accepts that defense (*see* Penal Law §§ 110.00, 125.20 [2]; *People v Rabideau*, 82 AD3d 1283, 1285-1286 [2011]; *People v Ledesma*, 300 AD2d 72 [2002]; *People v Motter*, 235 AD2d 582, 584 [1997]; *People v White*, 125 AD2d 932, 933 [1986]; *see also People v Robinson*, 143 AD2d 376, 377 [1988]; *People v Harris*, 138 AD2d 626, 627 [1988]; *People v Tabarez*, 113 AD2d 461, 462 [1985], *affd* 69 NY2d 663 [1986]).

The defendant failed to preserve for appellate review his contentions regarding the jury charge as to extreme emotional disturbance, and regarding the form of the verdict sheet (*see* CPL 470.05 [2]). In any event, these contentions are without merit (*see* Penal Law § 125.20 [2]; *see also* Penal Law § 125.25 [1] [a]).

Contrary to the defendant's contention, the Supreme Court did not err in imposing consecutive sentences with respect to counts two and five of the indictment, as the record showed that those counts were based on separate and discrete events (*see People v McKnight*, 16 NY3d 43, 49-50 [2010]; *People v*

*Crawford*, 112 AD3d 734 [2013]; *see also People v Holmes*, 92 AD3d 957 [2012]).

The defendant failed to preserve for appellate review his contention regarding the trial court's response to certain jury notes. Further, the alleged error did not affect the mode of trial proceedings; thus, preservation was required (*see People v Williams*, 21 NY3d 932, 934-935 [2013]). In any event, this contention is without merit (*see People v Almodovar*, 62 NY2d 126, 131-132 [1984]).

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The hearing record showed that notwithstanding his injuries, the defendant made a knowing, voluntary, and intelligent waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Legere*, 81 AD3d 746, 748 [2011]; *People v Braithwaite*, 286 AD2d 507 [2001]; *People v Pearce*, 283 AD2d 1007 [2001]).

The record, in totality, shows that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.