People v Marishaw (2019 NY Slip Op 05320)





People v Marishaw


2019 NY Slip Op 05320


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Renwick, J.P., Tom, Webber, Kahn, JJ.


6412 3702/13

[*1]The People of the State of New York, Respondent,
v
Romeo Marishaw, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Carl S. Kaplan of counsel), for appellant.
Romeo Marishaw, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Luis Morales of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered October 2, 2015, convicting defendant, after a jury trial, of assault in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of five years' imprisonment followed by five years of post-release supervision, unanimously affirmed.
The court properly declined to instruct the jury regarding justifiable use of ordinary, nondeadly physical force (see Penal Law § 35.15[1]). The Court of Appeals has recently held:
"Although it would be a rare caseparticularly where, as here, the charge is assault in the second degreewe do not rule out the possibility that a defendant may be entitled to a jury instruction on the justified use of non-deadly (or ordinary') physical force, even though the defendant is charged with a crime containing a dangerous instrument element [citations omitted].
There is no per se rule regarding which justification instructions are appropriate based solely on the fact that the defendant has been charged with second-degree assault with a dangerous instrument. Instead, as in every case where the defendant requests a justification charge, trial courts must view the record in the light most favorable to the defendant and determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified, and, if so, which instructions are applicable [citations omitted]"
(People v Vega, __ NY3d __, 2019 NY Slip Op 03530 *1 [2019]; see People v Rkein, __ NY3d __, 2019 NY Slip Op 03528 [2019]).
Here, as in Vega and Rkein, defendant was not entitled to an ordinary force justification charge because, under the particular circumstances of this case, there is no reasonable view of the evidence that defendant did not use the pen in question in a manner readily capable of causing death or serious physical injury (see Penal Law § 10.00[13]; People v Vega, 2019 NY Slip Op 03530, at *2).
It is uncontroverted that the complainant sustained a puncture wound to his left cheek. The complainant testified that following an argument between defendant and himself that lasted several minutes, defendant threatened to stab him. After a few minutes, the defendant then struck the complainant in the face, causing the complainant to feel what he described as a "sharp" pain to his cheek. According to the complainant, he was certain that an object had punctured his cheek, i.e., had gone through his cheek. The complainant testified that he felt the defendant stab him in the face ultimately, "opening an hole" in his cheek.
The video surveillance captures the defendant reaching into his bag or pocket with his right hand and then immediately striking the complainant with that same hand. Photographs of [*2]the complainant's cheek reflect what appears to be a puncture of the cheek. The photograph of the outside of the complainant's cheek shows that there was a thin, horizontal cut adjacent to the round through-and-through puncture on the complainant's cheek, consistent with a sharp object, such as the point of a pen, scratching the complainant's cheek before the object plunged into it.
The record further reveals that police officers who arrived at the scene observed the complainant bleeding from a puncture wound on the side of his face. At the time of defendant's arrest, the police recovered a pen that defendant was holding in his right hand.
Even viewing this evidence in the light most favorable to defendant, there was no reasonable view under which the jury could have concluded that defendant did not use a dangerous instrument to assault the complainant. Defendant's assertion that the injury could have been caused by a split tooth that pierced the complainant's cheek and created a wider laceration on the inside of his cheek than the outside is without merit and purely speculative. As noted by the People, the complainant's hospital medical records make no mention of any oral surgery or damage to the complainant's teeth.
Under the facts presented, the only possible justification charge that would have been available to defendant would have been a charge of justifiable use of deadly, not ordinary, physical force (see Penal Law § 35.15[2]; People v Mickens, 219 AD2d 543, 544 [1st Dept 1995] [the defendant's request for a charge of justifiable use of ordinary physical force properly rejected where trial evidence showed that the defendant struck the complainant with a baseball bat, necessitating a finding that the defendant used deadly physical force in order for jury to find the defendant guilty of assault in the second degree]). Defendant, however, did not request such a charge.
Defendant's reliance on People v Molina (101 AD3d 577 [1st Dept 2012]) in support his argument that the trial court erred in failing to instruct the jury on the justified use of ordinary physical force, even where the defendant was charged with and convicted of a crime involving the use of a dangerous instrument, is misplaced. In Molina, the People's theory of the case was that the defendant injured the complainant with a pair of scissors. There, the defendant testified that after the complainant punched him in the face, he grabbed the complainant, causing him to fall to the floor and sustain injuries. The defendant's testimony raised a question of fact for the jury, in that the defendant's theory was that he used only ordinary physical force in self-defense, and it was entirely possible that the complainant's injury was caused when he hit the floor. This Court found that the trial court erred in refusing to instruct on nondeadly force justification "since defendant's case rested entirely on his contention that he used only nondeadly force, and that such use was justified" (id.). Here, by contrast, because defendant's theory that he used ordinary physical force in self-defense was unsupported by any reasonable view of the evidence, given the nature of the complainant's injury, the trial court did not err in declining to instruct the jury on the justifiable use of ordinary physical force.
Finally, even if any error had been committed by the trial court with respect to the conviction for second-degree assault of the complainant, it would have had no impact on the third-degree assault conviction, which related to a separate incident that occurred more than one month prior to the incident involving the complainant, and involved a different victim.
We have also considered and rejected defendant's claim that the second-degree assault conviction was against the weight of the evidence, as well as defendant's pro se arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK