People v Lane (2020 NY Slip Op 07591)





People v Lane


2020 NY Slip Op 07591


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-13487
 (Ind. No. 769/17)

[*1]The People of the State of New York, respondent,
v
Sidney Lane, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered October 3, 2018, convicting him of attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15[3], [4]). At the trial, the recording of a complainant's call to 911 was played for the jury, with no objection from the defendant, under the excited utterance exception to the rule against hearsay. On appeal, in addition to asserting that the jury's verdict was against the weight of the evidence and that his sentence is unduly harsh and excessive, the defendant alleges that the Supreme Court erred in admitting the 911 call into evidence and that certain comments made by the prosecutor during summation regarding the 911 call were improper. The defendant also contends that he was deprived of the effective assistance of counsel based upon counsel's failure to object to the admission of the 911 call and to the prosecutor's improper summation comments.
Contrary to the defendant's contention, the verdict was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court improperly admitted a complainant's 911 call is unpreserved for appellate review, as the defendant did not object to its admission at the trial. In any event, the 911 call was properly admitted into evidence. Although the statements of one complainant to the 911 operator could be characterized as a prior consistent statement with respect to his trial testimony, which is "generally inadmissible as hearsay" (People v Clarke, 101 AD3d 897, 898), here it was properly admitted under the excited utterance exception to the rule against hearsay (see People v Chin, 148 AD3d 925, 926; People v Clarke, 101 AD3d at [*2]898).
The defendant's contention that he was deprived of a fair trial by improper remarks during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the defendant's contention is without merit, as the remarks were either fair comment on the evidence, a fair response to the defense summation, or not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Wilson, 183 AD3d 921, 922; People v Joubert, 125 AD3d 686).
Moreover, the defendant was not deprived of his right to the effective assistance of counsel because his counsel failed to object to the admission into evidence of the 911 call, and certain of the prosecutor's summation comments. "'A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success'" (People v Adelman, 36 AD3d 926, 928, quoting People v Stultz, 2 NY3d 277, 287; see People v Caban, 5 NY3d 143, 152). "Defense counsel was not ineffective for failing to make a futile objection" (People v Craig, 187 AD3d 1039, 1041).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court