People v Newman (2021 NY Slip Op 04113)





People v Newman


2021 NY Slip Op 04113


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Ind No. 815/10 815/10 Appeal No. 14134 Case No. 2021-00061 

[*1]The People of the State of New York, Respondent,
v
Timothy Newman, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Robin Nichinsky of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jennifer L. Watson of counsel), for respondent.



Judgment of resentence, Supreme Court, Bronx County (Margaret L. Clancy, J), rendered October 13, 2017, which resentenced defendant, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.
The court resentenced defendant "in accordance with the law" within the meaning of CPL 440.40(5) when, upon granting the People's CPL 440.40 motion, the court reinstated defendant's original sentence as a persistent violent felony offender, which had been set aside on grounds later invalidated by the Court of Appeals in People v Smith (28 NY3d 191 [2016]). Defendant was not entitled to a hearing to challenge the constitutionality of his 2001 predicate felony conviction, which he failed to challenge at the time of his 2013 persistent violent felony offender adjudication (see People v Vega, 177 AD3d 491 [1st Dept 2019], lv denied 34 NY3d 1163 [2020]; People v Lara, 167 AD3d 446, 448 [1st Dept 2018], lv denied 32 NY3d 1206 [2019]; People v Alvarado, 67 AD3d 430, 431 [1st Dept 2009], lv denied 13 NY3d 936 10 [2010]).
Defendant's mandatory minimum life sentence as a recidivist is not unconstitutionally excessive (see People v Broadie, 37 NY2d 100, 110-11 [1975], cert denied 423 US 950 [1975]; see also Ewing v California, 538 US 11, 29-30 [2003]; Rummel v Estelle, 445 US 263, 276 [1980]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021